UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

Samuel Lopez,

      Plaintiff,

vs.

Segundo J. Morales and
Dromedary Inc.,

      Defendants.

## **COMPLAINT**

Plaintiff, SAMUEL LOPEZ (hereinafter, "Plaintiff"), by and through undersigned counsel, hereby files this Complaint and sues Defendants, SEGUNDO J. MORALES and DROMEDARY INC. (hereinafter, "Defendants"), for injunctive relief pursuant to the Americans with Disabilities Act, 42 U.S.C. § 12181, *et seq.*, (hereinafter, the "ADA") and the ADA's Accessibility Guidelines, 28 C.F.R. Part 36 (hereinafter, the "ADAAG").

## **JURISDICTION AND VENUE**

1.      This Court has original jurisdiction over the action pursuant to 28 U.S.C., §§1331 and 1343 for Plaintiff's claims arising under 42 U.S.C. § 12181, *et seq.*, based upon Defendants' violations of Title III of the ADA (see also, 28 U.S.C. §§ 2201 and 2202).

2.      All events giving rise to this lawsuit occurred in the State of New York. Venue is proper in this Court as the Subject Premises are located in the Eastern District.

## **PARTIES**

3.      Plaintiff, SAMUEL LOPEZ, is over the age of 18, *sui juris*, and a resident of Kings County, New York. Plaintiff has paraplegia, is bound to ambulate in a wheelchair, and is a

qualified individual under the ADA.

4.      Defendant, SEGUNDO J. MORALES, is an individual who is authorized to and does transact business in the State of New York and within this judicial district. Defendant, SEGUNDO J. MORALES, is the owner of the Subject Property located at 266 Irving Ave, Brooklyn, NY 11237 (hereinafter, the "Subject Premises")..

5.      Defendant, DROMEDARY INC., is a domestic business corporation which is authorized to and does transact business in the State of New York and within this judicial district, and is the owner/operator of the restaurant "MERV'S BAR" located at the Subject Premises.

6.      Records maintained by the New York Department of State Division of Corporations, indicate that the Defendant, DROMEDARY INC., filed the assumed name "MERV'S" on January 2, 2025.

7.      According to the New York State Liquor Authority, the Defendant, DROMEDARY INC., was issued an On Premises Liquor license on April 9, 2024, and again as recently as March 18, 2026, for the Subject Premises.

8.      MERV'S BAR is a bar offering alcoholic beverages and related services to members of the general public in a social setting. The establishment provides customers with the ability to enter the premises, be served drinks, and socialize in a public accommodation intended for beverage service. The Plaintiff avers that he would enjoy eating out at MERV'S BAR, as he appreciates the atmosphere with retro videogames, darts, and pool, and the comfortable, 'laid back' dining experience provided at the establishment; and fully intends on trying the Knicks Dog, Animal Friendly Fries, and their Wheat Beer, which are highly unique beverages. However, despite the Plaintiff's interest in patronizing the restaurant, significant accessibility barriers impede the Plaintiff's ability to fully and equally access and enjoy the goods and services offered

at the Subject Premises, in violation of the ADA

## **FACTUAL ALLEGATIONS AND CLAIM**

9.      On or about March 2025, Plaintiff, in his individual capacity, initially visited the Subject Premises. Plaintiff thereafter returned to the Subject Premises on multiple occasions, including additional visits each month throughout 2025, and most recently on or about March 8, 2026. On such occasions, the Plaintiff's ability to partake in the services and goods at the Subject Property was constrained, hindered, and thwarted by certain structural barriers, to wit; an interceding concrete step directly at the threshold of the entrance, thereon inhibiting any wheeled ambulation or safe entry, and thus prevented full and equal access and enjoyment to the public accommodation at each occurrence.

10.      Plaintiff approached the entrance to the Subject Premises and encountered an existing step at the primary entrance on multiple occasions. Plaintiff waited just outside the storefront's main entrance without one employee offering assistance during that time. Plaintiff was unable to traverse the step without risking damage to his wheelchair and compromising his personal safety, resulting in deterrence and discrimination.

11.      After coming upon said architectural barrier, Plaintiff was unable to locate any bell or signage regarding accessible entry into the premises. Thus, in a most unjust manner, the Plaintiff was left without recourse to enter into the public accommodation, this despite his intent to enter and purchase cuisine and drinks on many visits. Plaintiff was instead met with wanton discrimination and thus left the public accommodation on each occasion.

12.      Plaintiff has visited the Subject Property which forms the basis of this lawsuit on multiple occasions, and was denied access to the restaurant by discriminatory barriers and a

continued policy of deliberate indifference to such barriers that Defendants are fully aware are unlawful under Title III of the ADA. Therefore, Defendants knowingly and wantonly discriminate against Plaintiff and other similarly situated persons in their refusal to remediate (for purposes of nondiscrimination on the basis of disability by public accommodations and in commercial facilities) to the minimum guidelines of the law, which are both feasible and readily achievable. Despite the fact that the Plaintiff lives but a few miles from Defendants' Facility, and passes by said restaurant usually multiple times per month, when he is conducting business matters, errands, or visiting family as well as friends throughout the boroughs, he has been unable to visit this public accommodation. Moreover, the Defendants' Facility is in a locale that Plaintiff dines out at one or two times every month, and a restaurant he wishes to visit this autumn.

13.    Foremost, Plaintiff has dined at, and in, nearly all of the neighboring restaurants surrounding the subject facility, that are all without architectural obstructions including but not limited to La Ziza and Marinda's  amongst several others; and thereon affirms that he would dine at the Defendant's restaurant and avail himself of the goods and services offered to the public were it not for the structural barriers inhibiting his ability to enter the subject facility, in direct contravention of Title III of the ADA and provisions under the ADAAG.

14.    Pursuant to 42 U.S.C. § 12134(a), the Department of Justice, through the Office of the Attorney General, published revised regulations for Title III of the Americans with Disabilities Act of 1990 in the Federal Register on September 15, 2010. These regulations required public accommodations to comply with the updated standards by March 15, 2012.

15.    MERV'S BAR is a bar and restaurant to which Plaintiff seeks full and equal access to dine, and to use the facilities. Plaintiff further avers that upon Defendants' compliance to remove

4

barriers to access, he would visit the restaurant more than a half dozen times a year for breakfast and lunches; considering how appetizing and distinctive such unique dishes and beverages are, when traversing a neighborhood he frequents multiple times a month.

16.    More specifically, Plaintiff intends to eat out at, and try the diverse variety of unique and diverse items, but particularly piquing his interest is the Animal Friendly Fries, Knicks Dog, and a Wheat Beer, and all of which are quite unique around this Kings' neighborhood. The menu features a variety of indulgent offerings designed for on-site enjoyment, of which the Plaintiff has attempted to eat out at, but was denied due to Defendant's policy of segregation and deliberate indifference to those rights protected under Title III of the ADA.

17.    Plaintiff has suffered harm and injury as a result of personally encountering barriers to access at the Subject Premises, and he will continue to suffer harm due to the Defendants' failure to address the ADA violations described herein, resultant Defendant's policy of wilful indifference to the laws protecting the civil rights of Plaintiff and like situated persons through the greater New York metropolitan area.

18.    On or about March 2025, Plaintiff initially attempted to access the Subject Premises and thereafter made additional attempts, including on a monthly basis throughout 2025, and most recently on or about March 8, 2026, but was unable to do so due to his disability and the existence of physical barriers, dangerous conditions, and ADA violations that denied him full and equal access to the property and its goods, services, facilities, privileges, advantages, and accommodations.

19.    Plaintiff intends to return to the Subject Premises in the near future to utilize the goods, services, and accommodations offered. However, his ability to do so is restricted by the ongoing physical barriers and ADA violations that limit access for individuals with disabilities.

5

### COUNT I
### VIOLATION OF TITLE III OF THE AMERICANS WITH DISABILITIES ACT
**(Against All Defendants)**

**20.**      Plaintiff restates Paragraphs 1-20 as though fully set forth herein.

**21.**      Defendants, SEGUNDO J. MORALES and DROMEDARY INC., have discriminated against the Plaintiff and others with disabilities by failing to provide full and equal enjoyment of the goods, services, facilities, privileges, advantages, and accommodations of the Subject Premises, as required by Title III of the Americans with Disabilities Act, 42 U.S.C. § 12181 *et seq.*, and the ADA's Accessibility Guidelines, 28 C.F.R. Part 36.

**22.**      SEGUNDO J. MORALES, as the owner/operator of the Subject Premises, is responsible for ensuring that the property complies with the ADA, including removing architectural barriers where readily achievable as required by 42 U.S.C., § 12182(b)(2)(A)(iv).

**23.**      DROMEDARY INC., as the owner/operator of the business located at the Subject Premises, is responsible for ensuring that its policies, practices, and any barriers within its leased space comply with the ADA.

**24.**      The Plaintiff's ability to access the Subject Premises and fully benefit from its goods, services, facilities, privileges, advantages, and accommodations is hindered by various physical barriers, unsafe conditions, and ADA violations, including but not limited to the following:

**Accessible Route/Entrance**

**i. Inaccessible Entrance; Step Present and Ramp Not Provided**
The entrance contains an existing step that acts as a barrier to accessibility and a required ramp is not provided, preventing Plaintiff and other individuals with mobility impairments from entering the establishment. This is a violation of ADAAG §§206, 206.2.1, 206.4, 303.4, and 402. Installing a compliant ramp and providing an accessible route to the entrance is readily achievable.

6

**ii. Accessible Means of Egress Not Provided**

An accessible means of egress is not provided as required, preventing Plaintiff and other disabled individuals from safely exiting the premises. This is a violation of ADAAG §207. Providing a compliant accessible means of egress is readily achievable.

**iii. Maneuvering Clearance Not Provided at Entrance Door**

Required minimum maneuvering clearance is not provided at the entrance door, preventing Plaintiff and other individuals with disabilities from safely approaching and operating the door. This is a violation of ADAAG §404.2.4. Reconfiguring the entrance area to provide compliant maneuvering clearance is readily achievable.

**iv. Non-Compliant Change in Floor Level at Entrance Door**

A non-compliant change in floor level exists within the required maneuvering clearance at the entrance door, interfering with Plaintiff's ability and the ability of other individuals with mobility impairments to safely enter the establishment. This is a violation of ADAAG §§302 and 404.2.4.4. Leveling the floor surface within the maneuvering clearance is readily achievable.

**Dining Areas**

**v. Inaccessible Dining Tables Located at Exterior and Interior Dining Areas**

Dining tables located at the exterior dining area and interior dining area are inaccessible to Plaintiff and other wheelchair users. This is a violation of ADAAG §§226 and 902. Providing accessible dining tables is readily achievable.

**vi. Knee and Toe Clearance Not Provided at Exterior and Interior Dining Tables**

Required minimum knee and toe clearance is not provided at dining tables located at the exterior and interior dining areas, preventing Plaintiff and other wheelchair users from properly positioning a wheelchair at the tables. This is a violation of ADAAG §§306 and 902.2. Providing compliant dining tables with proper knee and toe clearance is readily achievable.

**vii. Required Percentage of Accessible Dining Tables Not Provided**

A minimum percentage of dining tables required to be accessible is not provided at the exterior and interior dining areas, preventing Plaintiff and other disabled individuals from having equal access to dining surfaces. This is a violation of ADAAG §226.1. Providing the required number of accessible dining tables is readily achievable.

**Bar Area**

**viii. Bar Not Accessible**

The bar is inaccessible to Plaintiff and other individuals with mobility impairments. This is a violation of ADAAG §§226 and 902. Providing an accessible portion of the bar is readily achievable.

**ix. Bar Height Exceeds Maximum Allowable Height**

The bar counter exceeds the maximum allowable height of 34 inches above the finished floor, preventing Plaintiff and other wheelchair users from utilizing the bar surface. This is a violation of ADAAG §902.3. Modifying the bar to provide a compliant height is readily achievable.

**x. Toe Clearance Not Provided at Bar**

Required minimum toe clearance is not provided at the bar, preventing Plaintiff and other wheelchair users from properly positioning a wheelchair at the bar. This is a violation of ADAAG §§306.2 and 902.2. Providing compliant toe clearance is readily achievable.

**xi. Required Accessible Portion of Bar Not Provided**

A portion of the bar required to be accessible is not provided, preventing Plaintiff and other disabled individuals from accessing the bar services. This is a violation of ADAAG §226.1. Modifying the bar to include a compliant accessible section is readily achievable.

**<ins>Restrooms</ins>**

**xii. Restroom Identification Signage Not Provided**

Compliant signage identifying the restrooms is not provided as required, preventing Plaintiff and other disabled individuals from independently locating the restrooms. This is a violation of ADAAG §§216 and 703. Installing compliant restroom identification signage is readily achievable.

**xiii. Restroom Doors Lack Required Clear Width and Maneuvering Clearance**

The doors to the restrooms do not provide the required minimum clear width and maneuvering clearance, preventing Plaintiff and other individuals with mobility impairments from safely accessing and operating the doors. This is a violation of ADAAG §§404.2.3 and 404.2.4. Reconfiguring the doorways to provide compliant access is readily achievable.

**xiv. Door Swing Encroaches into Required Fixture Clear Floor Space**

The door swing of the restrooms encroaches into the required clear floor space of fixtures, preventing Plaintiff and other disabled individuals from safely and independently using the restroom fixtures. This is a violation of ADAAG §603.2.3. Reconfiguring the door swing is readily achievable.

**xv. Turning Space Not Provided in Restrooms**

Required minimum turning space is not provided in the restrooms, preventing Plaintiff and other wheelchair users from maneuvering within the restrooms. This is a violation of ADAAG §§603.2.1 and 304. Providing compliant turning space is readily achievable.

**xvi. Water Closet Clearance Not Provided**

Required minimum clearance is not provided at the water closets in the restrooms, preventing Plaintiff and other wheelchair users from properly positioning a wheelchair for transfer. This is a violation of ADAAG §604.3. Reconfiguring the restroom layouts to

8

provide compliant clearance is readily achievable.

### xvii. Grab Bars Not Provided or Not Compliant at Water Closets
Required grab bars at the water closets are not provided or are not compliant, preventing Plaintiff and other disabled individuals from safely using the fixtures. This is a violation of ADAAG §604.5. Installing compliant grab bars is readily achievable.

### xviii. Water Closets Positioned at Non-Compliant Location
The water closets are positioned at a non-compliant distance from the side wall, preventing Plaintiff and other disabled individuals from safely and independently using the fixtures. This is a violation of ADAAG §604.2. Repositioning the water closets is readily achievable.

### xix. Flush Controls Located on Closed Side of Water Closets
Flush controls at the water closets are located on the closed side rather than the open side, preventing Plaintiff and other disabled individuals from safely operating the fixtures. This is a violation of ADAAG §604.6. Relocating the flush controls is readily achievable.

### xx. Lavatories Lack Required Knee and Toe Clearance
Lavatories do not provide the required minimum knee and toe clearance, preventing Plaintiff and other wheelchair users from properly positioning a wheelchair for a forward approach. This is a violation of ADAAG §§306 and 606.2. Providing compliant knee and toe clearance is readily achievable.

### xxi. Exposed and Uninsulated Pipes Beneath Lavatories
Water supply and drain pipes beneath the lavatories are not insulated or otherwise configured to protect against contact, creating a hazard for Plaintiff and other disabled individuals. This is a violation of ADAAG §606.5. Insulating or otherwise protecting the pipes is readily achievable.

25.     Plaintiff has attempted to access the Subject Premises but has been denied full and equal enjoyment of the goods, services, programs, and activities offered due to his disability. The physical barriers, dangerous conditions, and ADA violations described above have caused Plaintiff to suffer harm, and Plaintiff reasonably expects to face continued discrimination unless and until Defendants are compelled to remove these barriers and comply with the ADA.

26.     In addition to his personal interest in accessing the Subject Premises free of illegal barriers, Plaintiff is an advocate for the rights of individuals with disabilities and serves as a "tester" to ensure public accommodations comply with the ADA. Plaintiff has visited the

Premises in his capacity as a tester, encountered barriers to access, engaged with those barriers, and suffered harm as a result. Plaintiff intends to return regularly to verify the Premises' compliance with the ADA and to confirm any modifications are properly maintained. Plaintiff believes that these violations will not be corrected without Court intervention, which will result in continued harm.

27.    Plaintiff, in his capacity as a tester, will return to the Premises once Defendants make the necessary modifications to ensure accessibility for individuals with physical disabilities. Plaintiff will verify compliance with the ADA and confirm that all modifications are complete.

28.    The removal of the physical barriers, dangerous conditions, and ADA violations described herein is readily achievable and can be accomplished without significant difficulty or expense, as defined by 42 U.S.C. § 12182(b)(2)(A)(iv); 42 U.S.C. § 12181(9); and 28 C.F.R. § 36.304.

29.    Plaintiff is without an adequate remedy at law and is suffering irreparable harm. Plaintiff reasonably anticipates continued harm unless Defendants are required to remove the physical barriers, dangerous conditions, and ADA violations at the Subject Premises.

## RELIEF SOUGHT

30.    Plaintiff seeks an injunction requiring Defendants to bring the Subject Premises into full compliance with the ADA and ADAAG by remediating all violations.

31.    Pursuant to 42 U.S.C. §12188(a), this Court is provided with authority to grant injunctive relief to Plaintiff, including an order to alter the Subject Premises to make it readily accessible to and useable by individuals with disabilities to the extent required by the ADA, and closing the Subject Premises until the requisite modifications are completed.

**32.**    Plaintiff has been obligated to retain undersigned counsel for the filing and prosecution of this action. The Plaintiff is entitled to have his reasonable attorney's fees, costs and expenses paid by the Defendants, pursuant to 42 U.S.C., §§ 12205 and 12217.

**WHEREFORE**, Plaintiff respectfully requests that the Court issue a permanent injunction enjoining Defendants from continuing their discriminatory practices, ordering Defendants to remove the physical barriers to access and alter the Subject Premises to make it readily accessible to and useable by individuals with disabilities to the extent required by the ADA, closing the Subject Premises until the barriers are removed and requisite alterations are completed, and awarding Plaintiff his reasonable attorney's fees, expert fees, costs, and litigation expenses incurred in this action.

Respectfully submitted,


BARDUCCI LAW FIRM, PLLC
5 West 19th Street, 10th Floor
New York, NY 10011
(212) 433-2554

By:    /s/ Maria-Costanza Barducci
Maria-Costanza Barducci, Esq.
*Attorney for Plaintiff*
Bar No. 5070487
MC@BarducciLaw.com

11